UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KJEAN SEAFOOD, ET AL | CIVIL ACTION |
| VERSUS | NO. 12-1329 |
| AMERICAN SEAFOODS, INC., ET AL | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is a **"Motion to Remand Removed Action" (Rec. Doc. 11)**, filed by the plaintiffs.

Plaintiffs filed the instant action in state court seeking damages based on numerous state law grounds, including defamation, unfair trade practices, and trade secrets. (Rec. Doc. 3-1). Plaintiffs also alleged that the defendants' actions violated the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. § 1961 *et. seq.*). *Id.* at ¶ 18. On the basis of the RICO claim alone, defendants removed the matter to this Court on grounds of federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties are not diverse.

Plaintiffs now seek remand on grounds that they intend to dismiss the RICO claims in their entirety, leaving only state law claims. The defendants concede that the law militates strongly in favor of the Court declining to exercise its supplemental jurisdiction in a case such as this, once the federal law claim has been dismissed. (Rec. Doc. 16). They merely caution that the remand should not be granted until the plaintiffs have actually filed their amended complaint

withdrawing the RICO claims. (Rec. Doc. 16). After the defendants filed their response, the plaintiffs in fact filed the amended complaint, which eliminates all traces of the RICO claim. (Rec. Doc. 17). (Although the Clerk of Court marked the document as "deficient" for failing to obtain leave of court and failing to state whether the defendants had objection, the defendants have made clear in the record that they do not object to the plaintiffs voluntarily dismissing and/or deleting the RICO claims from the petition). *See* Rec. Doc. 16 at 3.

The Court agrees with the parties that remand is warranted. The Court has considered carefully the statutory factors (28 U.S.C. § 1367(c)), as well as the common law factors, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), including judicial economy, convenience, fairness, comity, the complexity of the state law issues, the fact that the state claims substantially dominate over the federal claim, the fact that the federal claim has now been dismissed, and the fact that the case is still in its infancy, with few judicial resources having been invested. *See Enochs v. Lampasas County*, 641 F.3d 155, 158-162 (5th Cir. 2011); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992). Having done so, the Court finds that the balance weighs against the exercise of supplemental jurisdiction and in favor of remanding the remaining state law claims.

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that:

(1) Plaintiffs are hereby granted leave to file **"Plaintiffs' First Amending Complaint" (Rec. Doc. 17)**, and it is hereby received into the record;

(2) The Clerk's "Notice of Deficient Document" as to Rec. Doc. 17 is hereby deemed satisfied;

(3) Plaintiffs' **"Motion to Remand Removed Action" (Rec. Doc. 11)** is hereby **GRANTED**; and

(4) This matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, from whence it came.

New Orleans, Louisiana, this 31st day of October 2012.

*[signature]*
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**